ORDER

The plea of guilty is accepted.
The recommendations in the
plea agreement are reserved
until the time of sentencing.

Eli Richardson
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA    )
                            )
    v.                      )    No. *3:26-cr-00078
                            )
DAVID GEBHARDT              )    Judge *Richardson
                            )

PLEA AGREEMENT

The United States of America, by and through Braden H. Boucek, United States Attorney

for the Middle District of Tennessee, John N. Kane Jr., Acting Chief, Tax Section, Criminal

Division, and Trial Attorney Parker Tobin, and the defendant, David Gebhardt ("the defendant"),

by and through the defendant's counsel, Tyler Dewitt, pursuant to Rule 11(c)(1)(B) of the Federal

Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which

are as follows:

Charges and Penalties in This Case

1.    The defendant has been charged in the Information in this case with the following

offenses:

  a.    Count One: 26 U.S.C. § 7206(1)

        i.   Maximum Term of Imprisonment: 3 years

        ii.  Mandatory minimum term of imprisonment: None

        iii. Term of supervised release: Maximum of one year

        iv.  Maximum fine: $250,000, or twice the gain or twice the loss, whichever

             is greatest, due and payable immediately

        v.   Full restitution, due and payable immediately, to all victims of the

             offenses and relevant conduct

1

vi. Mandatory Special Assessment: $100.00, due and payable immediately

b.   Count Two: 26 U.S.C. § 7206(1)

i. Maximum Term of Imprisonment: 3 years

ii. Mandatory minimum term of imprisonment: None

iii. Term of supervised release: Maximum of one year

iv. Maximum fine: $250,000, or twice the gain or twice the loss, whichever is greatest, due and payable immediately

v. Full restitution, due and payable immediately, to all victims of the offenses and relevant conduct

vi. Mandatory Special Assessment: $100.00, due and payable immediately

2.    The defendant has read the charges against the defendant contained in the Information. Those charges have been fully explained to the defendant by the defendant's attorney. The defendant fully understands the nature and elements of the crimes with which the defendant has been charged.

<u>Charges to Which the Defendant is Pleading Guilty</u>

3.    By this Plea Agreement, the defendant agrees to enter a voluntary plea of guilty to Counts One and Two of the Information.

<u>Factual Basis</u>

4.    The defendant will plead guilty because the defendant is in fact guilty of the charges contained in Counts One and Two of the Information. In pleading guilty, the defendant admits the following facts and that those facts establish the defendant's guilt beyond a reasonable doubt:

No later than May 2013, the defendant began purchasing Bitcoin (BTC), a virtual currency, through Coinbase, a centralized virtual currency exchange that maintains Know Your Client (KYC) information.

2

The defendant purchased at least 202.88 BTC at an average cost of $337.53.

No later than May 2016, the defendant began converting BTC to Ethereum (ETH), a separate virtual currency. From approximately May 2016 through June 2017, the defendant converted approximately 94 BTC to approximately 2,619 ETH using Shapeshift, a virtual currency exchange.

Separately, the defendant began purchasing ETH through Coinbase around July 2016. The defendant purchased at least 6,787 ETH at an average cost of $45.76 per ETH. This purchase was in addition to the converted ETH the defendant received through Shapeshift. In total, the defendant acquired approximately 10,018.782 in ETH beginning in May 2016.

The defendant gradually liquidated his ETH holdings from approximately 2018 through 2022.

During this period, the Defendant transferred cryptocurrency to accounts held in the name of his spouse, Alexis Drake, and entities including Banner Trading LLC, and AFT holdings, entities he controlled. Cryptocurrency was liquidated through those accounts.

In addition to his liquidation of ETH, the defendant used Salt Lending, a loan company, to obtain loans totaling $1,951,705.63. The defendant transferred a portion of his ETH holdings as collateral through Banner Trading LLC for the cash loans. The loan proceeds were received by Banner Trading LLC and AFT Holdings and were used, in part, for personal expenditures, including real estate. The defendant failed to report the loans on the entities' balance sheet on its tax returns and failed to report the income as it was realized. The loans were repaid by approximately July 2022.

From at least March 2018 through at least December 2022, the defendant withdrew approximately $6,674,833.98 in funds from the sale of cryptocurrency.

The Defendant operated a legal practice during the relevant period, Centara Legal Group, APC, through which income was reported. Beginning in 2019, the Defendant also operated a consulting business through Centara, LLC, but did not report all gross receipts associated with that practice.

Each year from 2018 through 2022, the defendant filed an individual tax return, Form 1040, signed under penalty of perjury. These tax returns were each materially false, in that the defendant did not report all income derived from the liquidation of cryptocurrency and did not report all income associated with his consulting practice.

3

In filing the false returns, the defendant acted willfully. The defendant's willfulness included, among other things: (1) despite being warned by his accountants about the need to disclose and report cryptocurrency income, the defendant did not fully report cryptocurrency-related income in all relevant years; (2) the defendant, an attorney specializing in estate planning, indicated on his 2020 through 2022 individual tax returns, Forms 1040, that he did not engage in virtual currency transactions; and (3) the defendant caused cryptocurrency to be transferred through accounts held in the names of his spouse and related entities as nominees.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for the defendant's pleas of guilty and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's involvement in the offense conduct and other matters.

<u>Acknowledgement and Waivers Regarding Plea of Guilty: Trial Rights</u>

5. The defendant understands that by pleading guilty the defendant waives and surrenders certain trial rights, including the following:

a. If the defendant persisted in pleas of not guilty to the charges, the defendant would have the right to a public and speedy trial. The defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if the defendant, the government, and the Court all agreed to have no jury.

b. If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. At trial, the jury would be instructed that the defendant is presumed innocent; that the government bears the burden

4

of proving the defendant guilty of the charges beyond a reasonable doubt; and that the jury must consider each count of the Information against the defendant separately.

c. If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses, and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant would have the right not to testify, and no inference of guilt could be drawn from the defendant's refusal to testify.

6. The defendant understands that, by pleading guilty, the defendant is waiving all of the trial rights set forth in the prior paragraph. The defendant's attorney has explained those rights, and the consequences of the defendant's waiver of those rights, to the defendant.

Sentencing Guidelines Calculations

7. The parties understand that the Court is required to consider the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at Title 18, United States Code, Section 3553(a), in determining the defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective at the time of sentencing.

5

8. For purposes of determining the U.S.S.G. advisory guidelines range, the United States and the defendant agree to recommend to the Court, pursuant to Rule 11(c)(1)(B), the following:

a. Offense Level Calculations.

i. The base offense level for Counts One and Two is either 18 or 20, pursuant to U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(H), because the tax loss is more than $550,000 and less than $1,500,000.

ii. The parties do not have an agreement regarding the applicability of the sophisticated means enhancement. U.S.S.G. § 2T1.1(b)(2). Both parties can argue for its applicability or non-applicability.

iii. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). If the defendant qualifies for a decrease under U.S.S.G. § 3E1.1(a), has an offense level of 16 or more prior to the operation of U.S.S.G. § 3E1.1(a), and has given timely notification of the defendant's intention to enter a plea of guilty, the United States will move for an additional one-level decrease in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1(b).

iv. Assuming the defendant meets the criteria for a two-level adjustment for certain zero-point offenders, the United States will not oppose the downward adjustment.

v.      The defendant acknowledges that if the Court does not accept the U.S.S.G. recommendations of the parties, the defendant will have no right to withdraw the defendant's guilty plea.

vi.     In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments or calculations different from those recommended or agreed upon above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

b.      Criminal History Category.

i.      The parties agree to recommend that the defendant is in Criminal History Category 1.

9.      The defendant is aware that any estimate of the offense level or guidelines range that the defendant may have received from the defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the Probation Office or the Court. The defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculation, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon any estimate of the offense level or guidelines range that the defendant may have received from the defendant's counsel, the United States, or the Probation Office. The defendant further acknowledges that, to the extent the parties have recommended guidelines calculations in this plea agreement, the defendant will have no right to withdraw from the plea agreement if the Court does not accept these recommended guidelines calculations.

7

10. <u>Sentencing Recommendation</u>. Each party is free to recommend whatever sentence it deems appropriate. The defendant understands that the defendant's request is not binding on the Court and, after considering the defendant's Sentencing Guidelines, the Court may impose the maximum penalties set forth above. The defendant understands further that the defendant will not be permitted to withdraw the defendant's guilty plea if the Court does not adopt the defendant's request. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and accept the plea agreement and enter an order reflecting the acceptance of both the plea and this plea agreement.

## Restitution and Fine

11. <u>Restitution</u>. The defendant agrees to pay full restitution to the Internal Revenue Service as determined by the Court at sentencing, pursuant to Title 18, United States Code, Section 3663(a)(3).

12. The defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing. The government will provide any updated interest figure at sentencing. The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The Internal Revenue Service ("IRS") will use the amount of restitution ordered as the basis for a civil assessment under Title 26, United States Code, Section 6201(a)(4). The defendant does not have the right to challenge the amount of this

restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

13. The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution based assessments.

14. The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

15. If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The defendant also agrees to provide the above-described information to the probation office.

16. If the defendant makes a payment of any restitution prior to sentencing, the payment will be applied as a credit against the restitution ordered.

9

17. The defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Presentence Investigation Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of the defendant's conduct regarding the charges against the defendant, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18. The defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of the defendant's financial circumstances, including the defendant's recent income tax returns as specified by the Probation Office. The defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of the defendant's sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

Consequences of Certain Convictions: Financial Crimes

19. The defendant understands that nothing in this Plea Agreement shall limit the IRS in its collection of any taxes, interest, or penalties from the defendant and the defendant's spouse or the defendant's partnership or corporations. The defendant understands that the amount of tax, as calculated by the IRS, may exceed the amount of tax due as calculated for the criminal tax case.

20. The defendant agrees to cooperate with the IRS in any tax examination or audit of the defendant and the defendant's spouse and the defendant's partnerships or corporations that

10

directly or indirectly relates to or arises out of the course of conduct the defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records that the IRS may request. Nothing in this paragraph precludes the defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

<u>Potential Immigration Consequences</u>

21. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removal offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

<u>Waiver of Appellate Rights</u>

22. Regarding the issue of guilt, the defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether the defendant is guilty of the crimes to which the defendant is agreeing to plead guilty; and (ii) trial rights that might have been available if the defendant had exercised the right to go to trial. Regarding sentencing, the defendant is aware that Title 18, United States Code, Section 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within or below the Court-determined guidelines range. The defendant also knowingly

11

waives the right to challenge the sentence imposed in any motion pursuant to Title 18, United States Code, Section 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to Title 28, United States Code, Sections 2255 and/or 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence within or above the Court-determined guidelines range.

### Other Terms

23.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against the defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and the Criminal Division's Tax Section and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, including Immigration and Customs Enforcement, except as expressly set forth in this Plea Agreement.

24.     Should the defendant engage in additional criminal activity after the defendant has pled guilty but prior to sentencing, the defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

### Conclusion

25.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and the defendant.

12

26. The defendant and the defendant's attorney acknowledge that no threats have been made to cause the defendant to plead guilty.

27. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

28. The defendant understands that the Information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person. If the defendant moves to file this Plea Agreement under seal, the defendant consents to the disclosure of the Plea Agreement as required by the United States' discovery obligations.

29. The defendant understands that the defendant's compliance with each part of this Plea Agreement extends until such time as the defendant is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. The defendant further understands that in the event the defendant violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Plea Agreement, or may require the defendant's specific performance of this Plea Agreement. The defendant understands and agrees that in the event that the Court permits the defendant to withdraw from this Plea Agreement, or the defendant breaches any of its terms and the government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of such prosecutions.

13

30.     The Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

4/16/2026
Date

David Gebhardt
The Defendant


31.     Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to the defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

4/16/2026
Date

Tyler DeWitt
Attorney for the Defendant

14

Respectfully submitted,

BRADEN H. BOUCEK
UNITED STATES ATTORNEY

JOHN N. KANE JR.
ACTING CHIEF, TAX SECTION
CRIMINAL DIVISION

By:                         
Parker Tobin
Trial Attorney
Tax Section, Criminal Division

Gregory E. Tortella
Acting Deputy Chief
Tax Section, Criminal Division

Ahmed A. Safeeullah
Acting Criminal Chief,
United States Attorney's Office

15